UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7159** |
| **LOUISIANA CITIZENS FAIR PLAN,** <br> **FIDELITY INSURANCE NATIONAL CO.,** <br> **APARICIO, WALKER, & SEELING, INC.,** <br> **AND ABC INSURANCE COMPANY** | **SECTION "K"(4)** |

## ORDER AND OPINION

Before the Court is the motion for summary judgment filed on behalf of defendant Aparicio, Walker & Seeling, Inc. ("AWS") (Doc. 20). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants the motion for summary judgment.

BACKGROUND

On August 30, 2004, Eric Williams signed a "Personal Policy Change Request" form stating that he intended to purchase a piece of property and wanted to assume the Louisiana Citizens Fair Plan (Citizens) homeowner's insurance on that property. AWS acted as the insurance agent for that policy, and continued to do so when the policy renewed for a period of one year on March 28, 2005.

The homeowner's policy issued by Citizens did not include flood insurance coverage. On January 28, 2005, Pamela L. Rouse, an account manager with AWS sent Eric and Valerie Williams a letter stating that they did not carry flood insurance on their residence with AWS and asking them to contact her if they wanted Ms. Rouse to provide them with a quote for flood insurance coverage.

On August 29, 2005, as a result of Hurricane Katrina, Eric Williams's property sustained damage due to a "combination of events including wind, rain, wind-driven rain and flooding." (Doc. 1-2). The Williamses filed suit in state court against Citizens, Fidelity National Insurance

Company, AWS, and ABC Insurance Company seeking to recover for the damages sustained by their property as a result of Hurricane Katrina.[1]  Fidelity National Insurance Company removed the suit to this Court.

AWS filed a motion for summary judgment contending that plaintiffs' claim must be dismissed because it is preempted by La. Rev. Stat. 9:5606 and because AWS did not breach any duty owed to plaintiffs.

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure provide that summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655-56 (5th Cir.1996) (*citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.1992) *(quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)), cert. denied, 506 U.S. 832 (1992)). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. "[M]ere allegations or denials" are not sufficient to defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e).  The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis supplied); *Tubacex,*

---

[1] Plaintiffs have dismissed Fidelity National Insurance Company from the suit.

*Inc. v. M/V RISAN*, 45 F.3d 951, 954 (5th Cir.1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co.*, 475 U.S. at 588. Finally, the Court notes that substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties do not disagree as to the substantive law applicable to plaintiff's claim. Plaintiffs concede that La. Rev. Stat. 9:5606[2] establishes a one year preemptive period for claims against an insurance agent. Plaintiffs also concede that the under Louisiana law an insurance agent owes to a customer the duty to use reasonable diligence to procure the insurance coverage requested by the customer, and that under Louisiana law an agent is liable for failure to procure insurance only when a claimant proves: 1) that the agent undertook or agreed to procure the insurance, 2) the agent failed to use reasonable diligence to attempt to place the insurance and failed to notify the client that he had been unable to procure the insurance, and 3) the agent's actions were such as to warrant an assumption by the client that the requested insurance had been obtained. *See Karam v. St. Paul Fire & Marine Insurance Company*, 281 So.2d 728, 730-31 (La. 1973), *Porter v. Utica Mutual Insurance Co.*, 357 So.2d 1234, 1238 (La. App. 2nd Cir. 1978); *See also Dobson v. Allstate Insurance*

---

[2] La. Rev. Stat. 9:5606 provides in pertinent part that:
> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.

*Company*, 2006 WL 2078423 (E.D. La. July 21, 2006).

The dispute here centers on the facts. Through the affidavit of Pamela Rouse, AWS established that on January 28, 2005 she sent plaintiffs a letter advising them that they did not have flood insurance and asking plaintiffs to contract her in the event that they wanted purchase flood insurance. Ms. Rouse's affidavit also states that "[p]laintiffs did not respond to the flood letter and chose not to purchase flood insurance." Plaintiffs oppose the motion alleging that after receiving the January 28, 2005, letter from Ms. Rousse they contacted AWS "and specifically requested flood insurance be written and placed on their property." (Doc. 22, pg. 1). Plaintiffs also allege that they "were informed that a policy would be placed and they would be covered." Plaintiffs do not support these allegations with an affidavit, deposition testimony or answers to interrogatories as provided in Rule 56(e). Plaintiffs do not provide a time frame for when they requested that AWS procure a flood insurance policy for their property or when they were allegedly informed by AWS that the policy would be placed. Rather, plaintiffs simply contend that "[t]he documentation and support for this issue of material fact is in the sole custody and control of defendants and until such time as this information is provided to plaintiffs, Summary Judgment is not proper." (Doc. 22).

AWS did not file its motion for summary judgment until more than a year after plaintiffs filed suit. Therefore, it appears that there has been sufficient time for plaintiffs to obtain the information they contend is solely within the custody and control of AWS. Moreover, plaintiffs do not request additional time to conduct discovery as permitted in Fed.R.Civ. P. 56(f), to obtain the information they contend is within AWS's sole custody and control.

Plaintiffs have elected to oppose AWS's motion for summary judgment with "mere allegations." "Mere conclusory allegations are not competent summary judgment evidence, and they

4

are therefore insufficient to defeat or support a motion for summary judgment." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).

>   Rule 56 provides that:
>
>   "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment if appropriate, shall be entered against the adverse party.

Considering the affidavit of Ms. Rouse, plaintiffs' mere allegation that they specifically requested that AWS obtain a flood insurance policy for their property is insufficient to raise a genuine issue of material fact as to whether plaintiff's claim is preempted by La. Rev. Stat. 9:5606 or whether AWS breached any duty owed to plaintiffs.  Accordingly,

**IT IS ORDERED** that the motion for summary judgment filed on behalf of defendant Aparicio, Walker & Seeling, Inc. is GRANTED;

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendant Aparicio, Walker & Seeling, Inc. are hereby dismissed with prejudice at plaintiffs' costs.

New Orleans, Louisiana, this 4th day of March, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE